******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

# TOWING AND RECOVERY PROFESSIONALS OF CONNECTICUT, INC. *v.* DEPARTMENT OF MOTOR VEHICLES ET AL.
## (AC 43464)

Elgo, Alexander and DiPentima, Js.

*Syllabus*

The plaintiff, a towing company, appealed to the Superior Court from the decision of the Commissioner of Motor Vehicles (commissioner) granting certain towing and storage rate increases, which were generally less than what the plaintiff requested in its petition filed pursuant to statute (§ 14-66 (a) (2)). The plaintiff claimed that the final decision of the commissioner was not supported by substantial evidence in the record. The court rendered judgment dismissing the plaintiff's appeal, from which the plaintiff appealed to this court. *Held*:

1. The commissioner's balancing of the relevant statutory and regulatory factors was within the commissioner's discretion and the exercise of this discretion was not unreasonable, arbitrary or illegal; both § 14-66 (a) (2) and the regulation (§ 14-63-36a) governing tow and storage rates included the word "may," and provided the commissioner with the discretion to consider and weigh certain factors as the commissioner saw fit in order to achieve a just and reasonable result, and, if the commissioner were required to weigh the factors in a particular manner, the term "may" would effectively be rendered meaningless, depriving the commissioner of the discretion vested in the commissioner by the legislature; moreover, it was not for this court to substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact.

2. The plaintiff could not prevail on its claim that the commissioner's decision was not supported by substantial evidence in the record: in light of the record and the considerable discretion granted to the commissioner, and contrary to the plaintiff's argument, the commissioner did in fact consider implementing a rate increase beyond the Consumer Price Index; moreover, because the plaintiff merely challenged the manner in which the commissioner weighed the facts, it asked this court to retry the case and substitute its judgment for that of the commissioner, which this court could not do as this court's review was limited to a determination of whether the conclusions drawn by the commissioner from those facts were reasonable.

Argued April 20—officially released June 22, 2021

*Procedural History*

Administrative appeal from the decision of the named defendant adjusting certain towing and storage rates for motor vehicles, brought to the Superior Court in the judicial district of New Britain and tried to the court, *Cordani, J.*; judgment dismissing the appeal, from which the plaintiff appealed to this court. *Affirmed*.

*Jesse A. Langer*, with whom, on the brief, was *Jeffrey D. Bausch*, for the appellant (plaintiff).

*Drew S. Graham*, assistant attorney general, with whom, on the brief, was *William Tong*, attorney general, for the appellee (named defendant).

*James J. Healy*, for the appellee (defendant Insurance Association of Connecticut, Inc.).

*Opinion*

DiPENTIMA, J. This appeal arises from a petition for an adjustment of towing and storage rates that the plaintiff, Towing & Recovery Professionals of Connecticut, Inc., filed with the named defendant, the Department of Motor Vehicles (department).[1] After the Commissioner of Motor Vehicles (commissioner) granted certain rate increases, the plaintiff filed an administrative appeal in the Superior Court. The court dismissed the plaintiff's administrative appeal, and the plaintiff now appeals. We affirm the judgment of the court.

The following undisputed facts and procedural history were found by the Superior Court: "On October 10, 2017, the plaintiff filed a petition with the commissioner for a declaratory ruling seeking a revision of the rates established by the commissioner for nonconsensual towing and storage services within the state.[2] On December 6, 2017, the commissioner held a public hearing on the issue of the requested rate increase and received evidence from the plaintiff and other interested parties. On March 6, 2018, the commissioner's hearing officer issued a decision granting certain rate increases. The rate increases granted were generally less than the increases requested by the plaintiff. Following the decision, the plaintiff filed a timely administrative appeal on April 23, 2018. Subsequently, on September 28, 2018, the parties requested that [the Superior Court] remand the matter back to the commissioner for further consideration. In accordance with the parties' request, [the] court remanded the matter. On December 12, 2018, the commissioner held the remand hearing. On February 15, 2019, the commissioner issued his final decision where he maintained the rate increases provided for in the initial decision." (Footnote added; footnote omitted.)

The plaintiff then brought a second administrative appeal before the Superior Court, pursuant to General Statutes § 14-66 (a),[3] claiming that the final decision of the commissioner was not supported by substantial evidence in the record. The court dismissed the plaintiff's administrative appeal, and this appeal followed. Additional facts will be set forth as necessary.

"Our analysis begins with the appropriate standard of review. [J]udicial review of the commissioner's action is governed by the Uniform Administrative Procedure Act [(UAPA), General Statutes §§ 4-166 through 4-189], and the scope of that review is very restricted. . . . [R]eview of an administrative agency decision requires a court to determine whether there is substantial evidence in the administrative record to support the agency's findings of basic fact and whether the conclusions drawn from those facts are reasonable. . . . Neither this court nor the trial court may retry the case or substitute its own judgment for that of the administra-

tive agency on the weight of the evidence or questions of fact. . . . Our ultimate duty is to determine, in view of all of the evidence, whether the agency, in issuing its order, acted unreasonably, arbitrarily, illegally or in abuse of its discretion. . . .

"The substantial evidence rule governs judicial review of administrative fact-finding under the UAPA. . . . An administrative finding is supported by substantial evidence if the record affords a substantial basis of fact from which the fact in issue can be reasonably inferred. . . . The substantial evidence rule imposes an important limitation on the power of the courts to overturn a decision of an administrative agency . . . ." (Citations omitted; internal quotation marks omitted.) *Murphy* v. *Commissioner of Motor Vehicles*, 254 Conn. 333, 343, 757 A.2d 561 (2000).

The plaintiff presents four claims on appeal. The first is that the court erred in affirming the legal interpretation of the commissioner that "[a] regulation is given less weight than a statute when assessing a petition for an increase in . . . towing and storage rates." The second is that the court erred in affirming the legal interpretation of the commissioner that "the cost of a wrecker[4] is only a factor if considered with the statutory factor of [the Consumer Price Index (CPI)]." (Footnote added.) The third is that the court erred in affirming the decision of the commissioner because it was an abuse of discretion for the commissioner "either [to] ignor[e] . . . or improperly minimiz[e] operating costs . . . as a factor because of the misconception that a statutory factor trumps a regulatory factor," and to "[ignore] undisputed expert evidence, which [was] beyond [the commissioner's] specialized knowledge." The plaintiff's final claim is that the court erred in affirming the commissioner's decision to limit the increase to the CPI because this decision was not supported by substantial evidence. We note that the plaintiff at no point challenges the admissibility of any of the evidence before the commissioner; it takes issue only with the manner in which the commissioner weighed the facts and evidence and applied the relevant statutory and regulatory factors. Therefore, for ease and clarity, we resolve the plaintiff's four claims by answering these two questions: (1) whether the commissioner's balancing of the relevant statutory and regulatory factors was unreasonable, arbitrary, illegal, or an abuse of discretion, and (2) whether the commissioner's decision was supported by substantial evidence in the record.

I

The first question is whether the commissioner's balancing of the relevant statutory and regulatory factors was unreasonable, arbitrary, illegal, or an abuse of his discretion. According to the plaintiff, the court erred in affirming the commissioner's legal interpretation

that, in the context of a petition for an adjustment to towing and storage rates, a regulation is given less weight than a statute, and that "the cost of a wrecker is only a factor if considered with the statutory factor of CPI." The department counters that the commissioner had the discretion to weigh the statutory and regulatory factors in determining what constitutes a just and reasonable rate increase. We agree with the department.

Section 14-66 (a) (2) provides in relevant part that, "[i]n establishing and amending . . . rates and charges, the commissioner *may* consider factors, including, but not limited to, the [CPI], rates set by other jurisdictions, charges for towing and transporting services provided pursuant to a contract with an automobile club or automobile association . . . and rates published in standard service manuals. . . ." (Emphasis added.) Section 14-63-36a of the Regulations of Connecticut State Agencies provides in relevant part that in determining what is just and reasonable, "[t]he commissioner *may* consider factors such as rates set by other jurisdictions, towing services provided by contract with automobile clubs and associations, operating costs of the towing and recovery industry in Connecticut, single source contracts resulting from competitive bids on behalf of municipalities and business entities, and rates published in standard service manuals. . . ." (Emphasis added.)

To support its position, the plaintiff relies on two cases decided by our Supreme Court. The first is *Connecticut Podiatric Medical Assn.* v. *Health Net of Connecticut, Inc.*, 302 Conn. 464, 474, 28 A.3d 958 (2011), in which our Supreme Court held that "[i]t is a basic tenet of statutory construction that the legislature [does] not intend to enact meaningless provisions. . . . [I]n construing statutes, we presume that there is a purpose behind every sentence, clause, or phrase used in an act and that no part of a statute is superfluous. . . . Because [e]very word and phrase [of a statute] is presumed to have meaning . . . [a statute] must be construed, if possible, such that no clause, sentence or word shall be superfluous, void or insignificant." (Internal quotation marks omitted.) The second is *Sarrazin* v. *Coastal, Inc.*, 311 Conn. 581, 603, 89 A.3d 841 (2014), in which our Supreme Court held that "[a]dministrative regulations have the full force and effect of statutory law and are interpreted using the same process as statutory construction . . . ." (Internal quotations marks omitted.) These cases, in fact, undermine the plaintiff's position.

According to the plaintiff, the manner in which the commissioner weighed the relevant statutory and regulatory factors violated the rules of statutory and regulatory construction by rendering certain factors insignificant. The plaintiff further claims that the commissioner

failed to consider undisputed expert evidence, "presumably based on an erroneous interpretation of the applicable statutory and regulatory authorities." Given the inclusion of the word "may" in both the statute and state regulation, however, the opposite is true. Our Supreme Court has held that "the word [may, when used in a statute or regulation] generally imports permissive conduct and the conferral of discretion." *Office of Consumer Counsel* v. *Dept. of Public Utility Control*, 252 Conn. 115, 122, 742 A.2d 1257 (2000). Therefore, both the statute and the state regulation provide the commissioner with the discretion to consider and weigh the factors as the commissioner sees fit in order to achieve a just and reasonable result. This grant of discretion defeats the plaintiff's claim in two ways.

First, our acceptance of the plaintiff's argument would actually result in the violation of the rules of statutory and regulatory construction. This is true because if we were to require the commissioner to weigh the factors in a particular manner, we would effectively render meaningless the term "may," thereby depriving the commissioner of the discretion that was vested in the commissioner by the legislature. Second, it is not the role of this court to "substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Internal quotation marks omitted.) *Murphy* v. *Commissioner of Motor Vehicles*, supra, 254 Conn. 343. This is especially true where, as here, the commissioner had clear discretion in weighing the factors. Accordingly, we conclude that the commissioner's balancing of the relevant statutory and regulatory factors was clearly within the commissioner's discretion, and that the exercise of that discretion was not unreasonable, arbitrary, or illegal.

## II

We next consider whether the commissioner's decision was supported by substantial evidence in the record. According to the plaintiff, the court erred in affirming the commissioner's decision to limit the increase to the CPI because this decision was not supported by substantial evidence. The department counters that the commissioner's decision was supported by substantial evidence, and that the rate increase was just and reasonable. We agree with the department.

The plaintiff claims that "[t]he record unequivocally demonstrates that the operating costs . . . associated with a licensed wrecker service have increased substantially since the [last] [r]ate [i]ncrease. . . . Ultimately, to be . . . 'just and reasonable,' the [commissioner] must have incorporated wrecker costs (above and beyond the CPI) into the nonconsensual towing and storage rates." The plaintiff again attacks the manner in which the commissioner weighed the facts, without challenging the facts themselves. This attack fails for two reasons: first, because the commissioner did in fact

consider implementing a rate increase beyond the CPI, and second, because, as established previously, "this court . . . may [not] retry [a] case or substitute its own judgment for that of the administrative agency on the weight of the evidence or questions of fact." (Internal quotation marks omitted.) *Murphy* v. *Commissioner of Motor Vehicles*, supra, 254 Conn. 343. Because the plaintiff merely challenges the manner in which the commissioner weighed the facts, it is asking this court to retry the case and substitute its judgment for that of the commissioner. This we cannot do. See id. Our review is limited to a determination of "whether the conclusions drawn [by the commissioner] from those facts are reasonable." (Internal quotation marks omitted.) Id. In light of the record and the considerable discretion granted to the commissioner, we reject the plaintiff's claim and conclude that the commissioner's decision was supported by substantial evidence.

The judgment is affirmed.

In this opinion the other judges concurred.

[1] The Insurance Association of Connecticut, Inc., is also a defendant in this action and adopted the brief of the department in this appeal. Connecticut Legal Services, Inc., was a defendant in the administrative appeal before the Superior Court, but is not a party to this appeal.

[2] The plaintiff filed the petition pursuant to General Statutes § 14-66 (a) (2), which provides in relevant part: "The commissioner shall establish and publish a schedule of uniform rates and charges for the nonconsensual towing and transporting of motor vehicles and for the storage of motor vehicles which shall be just and reasonable. Upon petition . . . the commissioner shall reconsider the established rates and charges and shall amend such rates and charges if the commissioner, after consideration of the [prescribed] factors . . . determines that such rates and charges are no longer just and reasonable. . . ."

[3] General Statutes § 14-66 (a) (3) provides in relevant part: "Any person aggrieved by any action of the commissioner under the provisions of this section may take an appeal therefrom in accordance with section 4-183 . . . ."

General Statutes § 4-183 (a) provides in relevant part that "[a] person who has exhausted all administrative remedies available within the agency and who is aggrieved by a final decision may appeal to the Superior Court . . . ."

[4] A " '[w]recker' " is "a vehicle which is registered, designed, equipped and used for the purposes of towing or transporting wrecked or disabled motor vehicles for compensation or for related purposes by a person, firm or corporation licensed in accordance with the provisions of . . . this chapter or a vehicle contracted for the consensual towing or transporting of one or more motor vehicles to or from a place of sale, purchase, salvage or repair." General Statutes § 14-1 (109).